**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: November 6, 2017
Date Decided: November 27, 2017

Peter B. Andrews, Esquire
Craig J. Springer, Esquire
David M. Sborz, Esquire
Andrews & Springer LLC
3801 Kennett Pike
Building C, Suite 305
Wilmington, DE 19807

Kenneth J. Nachbar, Esquire
Thomas P. Will, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899

Re: *Brett Kandell v. Dror Niv, et al.*, Civil Action No. 11812-VCG

Dear Counsel:

This Letter Opinion addresses the Defendants' Motion for Limited Reargument of my September 29, 2017 Memorandum Opinion (the "Decision") regarding the Defendants' Motion to Dismiss.[1] In that Decision, I declined to dismiss claims regarding the Defendant directors' approval of a loan from Leucadia to nominal defendant FXCM, Inc.[2] I found that a majority of those directors voting was not independent and disinterested, because the Complaint alleged that one outside director, James G. Brown, had expressed an interest in participating personally in the transaction and accordingly had abstained from voting, ending the

---

[1] *Kandell v. Niv*, 2017 WL 4334149 (Del. Ch. Sept. 29, 2017).
[2] *Id.* at *12.

possibility of a disinterested majority in favor.[3] I also denied the Motion to Dismiss with respect to a related transaction, a memorandum of understanding (the "MOU") that amended the terms of the Leucadia loan.[4] It is that latter denial to which the Defendants address their Motion for Limited Reargument. For the reasons that follow, the Motion is denied.

A breezy informality can be a desirable quality in a friend; it is certainly undesirable in the writer of legal opinions. In my Decision, I noted that "[t]he Complaint is silent as to whether Brown voted for or abstained from the vote to approve the MOU [modifying the Leucadia loan]. In light of my decision on the Leucadia loan, I find it prudent to deny the Motion to Dismiss with respect to the MOU pending discovery as well."[5] This facile treatment of the issue, no doubt, has led to this Motion for Limited Reargument.

A motion for relief under Court of Chancery Rule 59(f) should be granted where the movant demonstrates that the challenged decision turned on a misapplication of the law, or on a misapprehension of a material fact.[6] The movant here alleges the former; that I misplaced the burden onto the Defendants to show that the MOU was not approved by a board composed of a majority of disinterested

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *E.g.*, *inTEAM Assocs., LLC v. Heartland Payment Sys., Inc.*, 2016 WL 6819734, at *1 (Del. Ch. Nov. 18, 2016).

and independent directors. As the Defendants state correctly, that burden rests with the Plaintiffs.[7] Nonetheless, I deny the Motion for Limited Reargument here.

The Defendants point out that a bare majority of the Board was composed of outside directors, and that it was Brown's abstention that caused the Leucadia transaction Board to be evenly split between conflicted and non-conflicted voting directors. While the Complaint is silent as to whether Brown voted on the MOU, the Defendants point out that the board minutes of the meeting in question demonstrate that Brown in fact voted for the MOU. But even if the minutes are meet for consideration at the Motion to Dismiss phase, and I therefore consider Brown's vote in favor, that is insufficient to justify relief under Rule 59(f). That is because the question of Brown's conflict of interest—which caused him to abstain from the vote on the Leucadia transaction but not from the vote on the modification of that transaction via the MOU—is sufficient, to my mind, to raise a reasonable inference that a majority of the MOU Board was not independent and disinterested with respect to the MOU.[8] In any event, in considering the consequences of the conflicted

---

[7] *See, e.g.*, *Kandell*, 2017 WL 4334149, at *11 ("To establish demand futility under *Aronson*, the plaintiff must allege particularized facts creating a reasonable doubt that 'the directors are disinterested and independent' or the 'challenged transaction was otherwise the product of a valid exercise of business judgment.'" (quoting *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984))).

[8] The Defendants argue that the Leucadia loan "was made solely by Leucadia" and that "Brown had no part in the Leucadia loan." Defs.' Mot. for Limited Reargument 4 n.1. According to the Complaint and the documents it incorporates by reference, however, Brown himself announced an interest in the loan, and determined that such interest required him to recuse himself from the vote on that transaction. That interest is sufficient to cause a reasonable doubt as to his interest in the MOU transaction as well.

3

vote in favor of the Leucadia transaction, I must also consider the consequences of the MOU that modifies that transaction, which presumably would not have been in question but for the conflicted vote on the Leucadia transaction itself.

For the foregoing reasons, the Motion for Limited Reargument is denied. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

<div style="margin-left: 50%;">

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

</div>